# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL STANLEY,<br><br>       Plaintiff,<br><br>v.<br><br>SUNRISE MEDICAL, LLC, and UNITED SEATING AND MOBILITY, LLC d/b/a NUMOTION,<br><br>       Defendants. | CIVIL ACTION NO. 1:16-cv-10480 |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

PLEASE TAKE NOTICE, that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, that Defendant, Sunrise Medical, LLC ("Sunrise Medical" and "Defendant") hereby removes the above-captioned action to this Court based upon the following supporting grounds:

1.  On or about November 24, 2015, the above action was filed in the Trial Court of the Commonwealth of Massachusetts, Superior Court Department, Worcester County. The Caption of the Complaint is as follows: *Paul Stanley v. Sunrise Medical, LLC and United Seating and Mobility, LLC d/b/a Numotion*, Civil Action No. 1585cv01893A.

2.  A copy of Plaintiff's Complaint and all other process and pleadings served upon Sunrise in this action are attached hereto as *Exhibit 1*.

3.  Sunrise Medical was served with the Complaint on February 18, 2016.

4.  Removal is timely under 28 U.S.C. §1446(b), as fewer than 30 days have elapsed since Sunrise was served with process. *See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999) ("one becomes a party officially, and is required to take action

in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend").

5. Plaintiff resides in Athol, Massachusetts, in Worcester County. *See* Ex. 1 at ¶ 1.

6. United Seating and Mobility is a limited liability company organized under the laws of the State of Missouri, and it has a principal place of business in Connecticut. The citizenship of a limited liability company is determined by the citizenship of all of its members. *See, e.g., Pramco, LLC ex. rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006) ("every circuit to consider this issue has held that the citizenship of a limited liability company is determined by the citizenship of all of its members").

7. United Seating and Mobility's members are RSI Medical Supply, LLC; United Seating Acquisitions, LLC, The Rehab Specialist, LLC; and Wheelchair Professionals IPA, LLC. RSI Medical Supply, LLC has its principal place of business in Houston, Texas and all of its members have Texas citizenship.  United Seating Acquisitions, LLC has its principal place of business in Clayton, Missouri and all of its members have Missouri citizenship.  The Rehab Specialist, LLC has its principal place of business in St. Louis, Missouri and all of its members have Missouri citizenship.  Wheelchair Professionals IPA, LLC has its principal place of business in Clayton, Missouri and all of its members have Missouri citizenship.  No member of United Seating and Mobility has Massachusetts citizenship.

8. Sunrise Medical, LLC is a limited liability company organized under the laws of the State of Delaware.  Sunrise is wholly owned by Sunrise Medical (Newco) USA, LLC, which is wholly owned by Cidron Ollopa BV a Netherlands corporation.  No member of Sunrise or Cidron has Massachusetts citizenship.

9. The Plaintiff and Defendants are therefore citizens of different states for diversity purposes. The complete diversity requirement of 28 U.S.C. § 1332(a)(1) is therefore satisfied in this case.

10. The amount in controversy exceeds the threshold amount of $75,000. The removing party must show "to a reasonable probability that the amount in controversy exceeds $75,000." *Amoche v. Guar. Trust Life Ins. Co.,* 556 F.3d 41, 50 (1st Cir. 2009); 28 U.S.C. § 1446(c)(2) ("where removal is based on diversity jurisdiction, the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy"). Here, the Plaintiff claims damages in the amount of $528,000. *See* Civil Action Cover Sheet. These amounts include medical expenses of $28,000 and pain and suffering in the amount of $500,000 incurred when he "suffered a severe facture to the left tibia and fibula, surgical treatment, and compressions sores" as a result of falling when the arm of his wheelchair broke. The Plaintiff has also asserted a claim for violation of M.G.L. c. 93A, which if successful could double or treble the damages awarded to the Plaintiff. The amount in controversy, therefore, exceeds $75,000.00, exclusive of interest and costs.

11. Based upon the foregoing, this Court has jurisdiction over this civil action based upon diversity of citizenship and the amount in controversy, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

12. Venue properly lies in the U.S. District Court for the District of Massachusetts, Central Division, because Plaintiff's allegations relate to events that allegedly occurred in Athol, Worcester County, Massachusetts (*see* Ex. 1 at ¶ 1), and because Plaintiff commenced the initiating civil action in the Worcester County Superior Court, Massachusetts.

34604022v1 0976209

13. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to Plaintiff and will be filed with the Clerk of Courts for the Worcester County Superior Court, following filing of this Notice of Removal.

14. Certified or attested copies of all records and proceedings before the Worcester County Superior Court will be filed with this Court within 28 days, in accordance with LR 81.1.

15. In submitting this Notice of Removal, Sunrise Medical reserves all defenses.

    Respectfully submitted,

    Attorneys for Defendant,

    SUNRISE MEDICAL, LLC,

    /s/ *Jamie L. Kessler*
    Geoffrey Coan, BBO #641998
    Jamie L. Kessler, BBO #681867
    HINSHAW & CULBERTSON LLP
    28 State Street, 24th Floor
    Boston, MA 02109
    617-213-7000
    617-213-7001  (facsimile)
    Email:   gcoan@hinshawlaw.com
            jkessler@hinshawlaw.com

Dated:    March 8, 2016

## CERTIFICATE OF SERVICE

    I, Jamie L. Kessler, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 8, 2016.

    /s/ *Jamie L. Kessler*
    Jamie L. Kessler

34604022v1 0976209