UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL STANLEY,<br><br>        Plaintiff,<br><br>v.<br><br>SUNRISE MEDICAL, LLC, and UNITED SEATING AND MOBILITY, LLC d/b/a NUMOTION,<br><br>        Defendants. | CIVIL ACTION NO. 16-10480-TSH |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT**

Defendant, Sunrise Medical (US) LLC, incorrectly identified as Sunrise Medical, LLC ("Sunrise" or "Defendant") hereby answers the Plaintiff Paul Stanley's ("Plaintiff") Complaint in the above-captioned action as follows:

**FACTS**

1. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. Sunrise denies that it is a corporation, but admits the remaining allegations contained in this paragraph.

3. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

34604714v1 0976209

19. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## **COUNT I – NEGLIGENCE**
(As against Sunrise)

25. The Defendant repeats and incorporates herein by reference its responses to the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26. This paragraph contains legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

27. This paragraph contains legal conclusions to which no response is required. To the extent this paragraph contains factual allegations, they are denied.

28. Denied.

29. Denied.

30. Denied.

34604714v1 0976209

## **COUNT II - NEGLIGENCE**
(As against Numotion)

31. The Defendant repeats and incorporates herein by reference its responses to the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. The allegations as set forth in paragraph 32 of the Complaint are not directed to Sunrise, and therefore no response is required.  To the extent a response may be required, Sunrise is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as set forth in paragraph 32 of the Complaint and, therefore, denies the same.

33. The allegations as set forth in paragraph 33 of the Complaint are not directed to Sunrise, and therefore no response is required.  To the extent a response may be required, Sunrise is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as set forth in paragraph 33 of the Complaint and, therefore, denies the same.

34. The allegations as set forth in paragraph 34 of the Complaint are not directed to Sunrise, and therefore no response is required.  To the extent a response may be required, Sunrise is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as set forth in paragraph 34 of the Complaint and, therefore, denies the same.

35. The allegations as set forth in paragraph 35 of the Complaint are not directed to Sunrise, and therefore no response is required.  To the extent a response may be required, Sunrise is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as set forth in paragraph 35 of the Complaint and, therefore, denies the same.

36. The allegations as set forth in paragraph 36 of the Complaint are not directed to Sunrise, and therefore no response is required.  To the extent a response may be required,

Sunrise is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as set forth in paragraph 36 of the Complaint and, therefore, denies the same.

37. The allegations as set forth in paragraph 37 of the Complaint are not directed to Sunrise, and therefore no response is required.  To the extent a response may be required, Sunrise is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as set forth in paragraph 37 of the Complaint and, therefore, denies the same.

## COUNT III – BREACH OF WARRANTY
(As against Sunrise)

38. The Defendant repeats and incorporates herein by reference its responses to the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. This paragraph contains legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, they are denied.

44. This paragraph contains legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, they are denied.

45. Denied.

## COUNT IV – BREACH OF WARRANTY
(As against Numotion)

46. The Defendant repeats and incorporates herein by reference its responses to the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47. The allegations as set forth in paragraph 47 of the Complaint are not directed to Sunrise, and therefore no response is required. To the extent a response may be required, Sunrise is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as set forth in paragraph 47 of the Complaint and, therefore, denies the same.

48. The allegations as set forth in paragraph 48 of the Complaint are not directed to Sunrise, and therefore no response is required. To the extent a response may be required, Sunrise is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as set forth in paragraph 48 of the Complaint and, therefore, denies the same.

49. The allegations as set forth in paragraph 49 of the Complaint are not directed to Sunrise, and therefore no response is required. To the extent a response may be required, Sunrise is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as set forth in paragraph 49 of the Complaint and, therefore, denies the same.

50. The allegations as set forth in paragraph 50 of the Complaint are not directed to Sunrise, and therefore no response is required. To the extent a response may be required, Sunrise is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as set forth in paragraph 50 of the Complaint and, therefore, denies the same.

51. The allegations as set forth in paragraph 51 of the Complaint are not directed to Sunrise, and therefore no response is required. To the extent a response may be required, Sunrise is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as set forth in paragraph 51 of the Complaint and, therefore, denies the same.

52. The allegations as set forth in paragraph 52 of the Complaint are not directed to Sunrise, and therefore no response is required. To the extent a response may be required,

34604714v1 0976209

Sunrise is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as set forth in paragraph 52 of the Complaint and, therefore, denies the same.

53. The allegations as set forth in paragraph 53 of the Complaint are not directed to Sunrise, and therefore no response is required. To the extent a response may be required, Sunrise is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as set forth in paragraph 53 of the Complaint and, therefore, denies the same.

### **COUNT V – VIOLATION OF M.G.L. c. 93A, § 9**
(As against Sunrise)

54. The Defendant repeats and incorporates herein by reference its responses to the allegations contained in paragraphs 1 through 53 as if fully set forth herein.

55. Denied.

56. The Defendant only admits that it received a letter dated July 16, 2015 sent on behalf of the Plaintiff but denies that the letter complied with the requirements of M.G.L. c. 93A, § 9 and further, denies all remaining allegations contained in paragraph 56 of the Complaint.

### **COUNT VI – VIOLATION OF M.G.L. c. 93A, § 9**
(As against Numotion)

57. The Defendant repeats and incorporates herein by reference its responses to the allegations contained in paragraphs 1 through 56 as if fully set forth herein.

58. The allegations as set forth in paragraph 58 of the Complaint are not directed to Sunrise, and therefore no response is required. To the extent a response may be required, Sunrise is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as set forth in paragraph 58 of the Complaint and, therefore, denies the same.

59. The allegations as set forth in paragraph 59 of the Complaint are not directed to Sunrise, and therefore no response is required. To the extent a response may be required,

Sunrise is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as set forth in paragraph 59 of the Complaint and, therefore, denies the same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's Complaint against the Defendant is barred by the doctrines of waiver, unclean hands, estoppel, judicial and collateral estoppel, and res judicata.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred to the extent that the Plaintiff failed to mitigate his damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is barred in whole or in part as a result of comparative fault and/or culpable conduct of the Plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were a result of independent, superseding and/or intervening causes over which Defendant had no control, and for which it cannot be held legally liable.

### SEVENTH AFFIRMATIVE DEFENSE

The benefits of the product outweigh the risk of danger or harm, if any, inherent in the product.

**EIGHTH AFFIRMATIVE DEFENSE**

The product that is at issue in this lawsuit was not in an unreasonably dangerous condition.

**NINTH DEFENSE**

Sunrise's product was not defective in manufacture, design or construction and it conformed to all representations made by Sunrise, if any.

**TENTH DEFENSE**

There is no duty to warn about any possible dangers that were not known at the time of manufacture and sale of product in question.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, from recovery due to spoliation of evidence.

**TWELFTH DEFENSE**

Sunrise breached no warranties, either express or implied, which may have existed between it and the Plaintiff.

**THIRTEENTH DEFENSE**

There were no warranties, either express or implied, between the Plaintiff and Sunrise.

**FOURTEENTH DEFENSE**

Plaintiff's claims of breach of warranty fail because there was no privity between the Plaintiff and Sunrise.

**FIFTEENTH DEFENSE**

Plaintiff failed to comply with all prerequisites of Chapter 93A including the filing of a valid demand letter.

34604714v1 0976209

### SIXTEENTH DEFENSE

Sunrise incorporates the defenses of all others who are or may become parties to this action as though more fully set forth herein.

### SEVENTEENTH DEFENSE

Sunrise reserves the right to amend this answer to raise any and all defenses, affirmative or otherwise, which may become available during the course of this action.

WHEREFORE, defendant, Sunrise Medical (US) LLC, by counsel, demands:

1. That any and all claims against it in the Complaint be dismissed with prejudice;

2. Its costs herein expended; and

3. Any and all other relief to which it may be entitled.

### JURY DEMAND

Sunrise hereby demands a trial by jury on all issues so triable.


Respectfully submitted,
Attorneys for Defendants,
SUNRISE MEDICAL (US) LLC,


/s/ *Jamie L. Kessler*
Geoffrey Coan, BBO #641998
Jamie L. Kessler, BBO #681867
HINSHAW & CULBERTSON LLP
28 State Street, 24th Floor
Boston, MA 02109
617-213-7000
617-213-7001  (facsimile)
Email:   gcoan@hinshawlaw.com
              jkessler@hinshawlaw.com

Dated:      March 15, 2016

34604714v1 0976209

## **CERTIFICATE OF SERVICE**

      I, Jamie L. Kessler, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 15, 2016.

                                          /s/ *Jamie L. Kessler*
                                          Jamie L. Kessler

34604714v1 0976209